122 August 12, 2026 No. 758

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

TODD MITCHELL,
individually, under ORS 659A.030(1)(g),
*Petitioner,*
*and*

FREHOO, INC.,
dba Stars Cabaret & Steak House, et. al.,
*Respondents Below.*

*v.*

BUREAU OF LABOR AND INDUSTRIES OF THE
STATE OF OREGON
*Respondent.*

Oregon Bureau of Labor and Industries
3716;
A183925

On respondent's petition for reconsideration filed June 3, 2026. Precedential opinion filed May 13, 2026. *Mitchell v. BOLI*, 349 Or App 520, ___ P3d ___.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Jona J. Maukonen, Assistant Attorney General, for petition.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

KAMINS, J.

Reconsideration allowed; former opinion modified and adhered to as modified.

**KAMINS, J.**

The Bureau of Labor and Industries (BOLI) seeks reconsideration of our opinion in *Mitchell v. BOLI*, 349 Or App 520, ___ P3d ___ (2026). BOLI contends that our description of the procedural history in *Frehoo, Inc. v. BOLI*, 319 Or App 548, 510 P3d 888 (2022) may unintentionally imply that BOLI reconsidered Frehoo's liability. We agree. We allow reconsideration, modify our prior opinion as described below, and adhere to the opinion as modified.

As part of our discussion of the procedural history of this case, we described *Frehoo* and BOLI's subsequent amended final order:

> "Respondents appealed, and we reversed after determining that BOLI applied a legal standard to impose aider-and-abettor liability that was not found in the statute. *Id*. at 564-66. On remand, BOLI issued an amended final order, again determining that Frehoo was liable for subjecting AP2 to sex discrimination in violation of ORS 659A.030(1)(b). BOLI also determined that, applying the correct statutory language, petitioner, but not the other two owners, was liable for aiding and abetting sexual harassment in violation of former ORS 659A.030(1)(g) (2021) because petitioner was responsible for enforcing Frehoo's sexual harassment policies and failed to do so, and he should have known that failing to enforce the policies would likely result in sexual harassment."

349 Or App at 522-23.

Omitting our initial affirmance of Frehoo's liability coupled with a summary of BOLI's amended final order that includes Frehoo's liability could be read to imply that BOLI reconsidered Frehoo's liability. Accordingly, we strike the above-quoted passage and replace it with:

> "Frehoo and the individual owners appealed. We affirmed as to Frehoo but reversed and remanded as to the individual owners, determining that BOLI applied a legal standard to impose aider-and-abettor liability that was not found in the statute. *Id*. at 564-566. On remand, BOLI issued an amended final order. BOLI determined that, applying the correct statutory language, petitioner, but not the other two owners, was liable for aiding and abetting sexual harassment in violation

of former ORS 659A.030(1)(g) (2021) because petitioner was responsible for enforcing Frehoo's sexual harassment policies and failed to do so, and he should have known that failing to enforce the policies would likely result in sexual harassment."

BOLI also notes that in the first paragraph of the opinion, we twice refer to BOLI as "the board." We strike those two uses of "the board" and replace them with "BOLI."

Reconsideration allowed; former opinion modified and adhered to as modified.